IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bartlit Beck LLP,<br><br>               Petitioner,<br><br>    v.<br><br>Kazuo Okada,<br><br>               Respondent. | 1:19-cv-08508<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner Bartlit Beck LLP ("Bartlit Beck") hereby petitions this Court—under Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, 330, U.N.T.S. 38 ("New York Convention" or the "Convention") and its implementing legislation under Chapter 2 of the FAA, 9 U.S.C. § 201 *et seq.*—for an order and judgment confirming a final award dated December 20, 2019 ("Final Award"), against Kazuo Okada ("Okada") pursuant to the International Institute for Conflict Prevention and Resolution ("CPR") Rules for Administered Arbitration ("Administered Rules").

## THE PARTIES

1.    Petitioner Bartlit Beck is a limited liability partnership formed under the laws of the State of Illinois, with its principal place of business at 54 West Hubbard Street, Suite 300, Chicago, IL 60654.

2.    Upon information and belief, Okada is an individual who resides in Japan. Upon information and belief, Okada is a citizen of Japan.

## JURISDICTION AND VENUE

3. This proceeding arises under the New York Convention because the Final Award was rendered against a foreign individual (Okada) and arose out of a commercial legal relationship not entirely between two U.S. citizens. 9 U.S.C. § 202; *see also Championsworld, LLC v. United States Soccer Fed'n, Inc.*, 890 F. Supp. 2d 912, 926 (N.D. Ill. 2012) ("[T]he [New York] Convention applies if (a) a non-U.S. citizen is a party to the commercial relationship, or (b) the relationship involves property, performance, or enforcement abroad or 'some other reasonable relation with one or more foreign states.'").

4. This Court has subject matter jurisdiction over this proceeding pursuant to Section 203 of the FAA, which provides that actions or proceedings falling under the New York Convention "arise under the laws and treaties of the United States" and are subject to the original jurisdiction of the district courts of the United States, "regardless of the amount in controversy." 9 U.S.C. § 203.

5. This Court has personal jurisdiction over Okada because Okada has "agree[ed] and consent[ed] to personal jurisdiction in the federal and state courts in Chicago, Illinois for purposes of enforcing this arbitration clause and for purposes of enforcing any such arbitration decision or award." Declaration of Sean M. Berkowitz in Support of Petition to Confirm Arbitration Award ("Berkowitz Declaration"), Ex. B ("Ex. B") at 7. Because Illinois law governs the Agreement, *id.*, Illinois law also governs the validity of the forum selection clause, including Okada's consent to personal jurisdiction, *see Ehrenpreis v. Coogle*, No. 09 C 4192, 2010 WL 1194386, at *1 (N.D. Ill. Mar. 22, 2010) ("The Seventh Circuit has held that the validity of a forum-selection clause is to be determined 'by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears.'" (quoting

*Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007)). Under Illinois law, a forum selection clause consenting to personal jurisdiction is enforceable because "[t]here is nothing fundamentally unfair or surprising in a state's exercise of jurisdiction over a defendant who has consented in writing to submit to its jurisdiction."[1] *See Rosenthal & Co. v. Rosario*, No. 86 C 2922, 1987 WL 13606, at *2 (N.D. Ill. July 9, 1987).

6. Venue is proper in this Court under 9 U.S.C. § 204 because the Agreement containing the arbitration provision pursuant to which the Final Award was rendered designates Chicago, Illinois, as the place of arbitration, *see* Ex. B at 6, and the arbitration took place in Chicago, Illinois. This Petition is timely because it is filed within three years after the Final Award was made. 9 U.S.C. § 207.

## BACKGROUND

*The Parties' Dispute*

7. Okada and Bartlit Beck signed the Agreement on December 9, 2017, whereby Bartlit Beck agreed to represent Okada "in litigation relating to Wynn Resorts currently pending in Clark County, Nevada." Ex. B at 1.

*The Arbitration Agreement*

8. The "Arbitration, Jurisdiction, and Choice of Forum" provision provides that any dispute arising out of or relating to the Agreement and/or the relationship between Okada and Bartlit Beck shall be resolved through binding arbitration:

---

[1] The Agreement states that the consent is "for purposes of *enforcing* any such arbitration decision or award." Ex. B at 7 (emphasis added). The clause extends to confirmation because an award must be confirmed before it can be enforced. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103-04 (2d Cir. 2006) (noting that a forum selection clause consenting to personal jurisdiction to "enforc[e] any award of arbitrators" also covers confirmation proceedings because an award must first be confirmed).

3

> Any dispute arising out of or relating to this Engagement Agreement (including the breach, termination or validity thereof) and/or the relationship between [Okada] . . . and Bartlit Beck . . . , shall be finally resolved by arbitration in accordance with the International Institute for Conflict Prevention and Resolution ("CPR") Rules for Administered Arbitration (the "Administered Rules" or "Rules") by three arbitrators, of whom each party shall designate one in accordance with the CPR screening procedure set forth in Rule 5.4 (the identity of the designating party will not be revealed), with the third arbitrator to be appointed by the two party-appointed arbitrators. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. The place of the arbitration shall be Chicago, Illinois.

*Id.* at 6.

9. This provision further provides,

> Bartlit Beck and [Okada] each agree and consent to personal jurisdiction in the State of Illinois for the CPR arbitration in Chicago, Illinois and further agree and consent to personal jurisdiction in the federal and state courts in Chicago, Illinois for purposes of enforcing this arbitration clause and for purposes of enforcing any such arbitration decision or award.

*Id.* at 7.

10. The "Choice of Law" provision stipulated that the "Agreement, and any and all claims relating to or arising out of it, shall be governed and construed in accordance with the law of the State of Illinois, excluding Illinois' choice of law principles." *Id.* at 7.

*The Arbitration*

11. On July 27, 2018, Bartlit Beck filed a Notice of Arbitration against Okada for breach of contract based on Okada's failure to make required payments under the Agreement. Berkowitz Declaration, Ex. A ("Ex. A") at 23.

12. Following the parties' arbitration agreement and Rule 5.4 of the Administered Rules, each party designated one arbitrator, and the two party-appointed arbitrators appointed the third arbitrator. *See* Ex. B at 6 (stipulating that "each party shall designate one [arbitrator] in accordance with the CPR screening procedure set forth in Rule 5.4 (the identity of the

4

designating party will not be revealed), with the third arbitrator to be appointed by the two party-appointed arbitrators"); Ex. A at 24. The panel consisted of Dana Welch, Esq. (Chair), Nancy K. Lesser, Esq., and the Honorable Ronald S. Prager (Ret.). *See* Ex. A at 24.

13. The arbitration proceeding involved more than eight months of extensive briefings and discovery to Bartlit Beck's claims and Okada's defenses. *See id.* at 24-33.

14. On November 1, 2019, Bartlit Beck filed its Final Brief in Support of Award, which included its cost and fee submissions.

*The Final Award*

15. On December 20, 2019, the Tribunal issued the Final Award. After careful consideration of submitted evidence and legal arguments, the Tribunal determined: "i) the parties formed a valid contract when they entered into the Agreement, and Okada signed it without duress or coercion after consulting with his attorneys, ii) Bartlit Beck fully performed its obligations under the Agreement, iii) the terms of the Agreement unambiguously entitle Bartlit Beck to the $50 million contingency fee, iv) the contingency fee is reasonable, and iii) Okada breached the Agreement by failing to pay the contingency fee as promised." *Id.* at 33.

16. The Final Award awarded as follows:

   1. Bartlit Beck is the prevailing party.

   2. Damages in the amount of $54,641,079.48 which consist of the following components:

      a. Breach of contract damages in the amount of $49,651,513.00.222.

      b. Pre-award interest in the amount of $4,026,533.66.

      c. Costs and fees in the amount of $963,032.82 which includes Bartlit Beck's share of CPR fees in the amount of $10,000 and Bartlit Beck's share of the arbitrators' compensation in the amount of $58,249.36.

5

    3. In addition, Okada shall pay to Bartlit Beck post-award interest in the amount of $12,242.83 for each calendar day until he pays in full the amounts specified above.

*Id.* at 58-59.

17. The Final Award was the final decision of the Tribunal, and is final and binding. Ex. B at 6; Ex. A at 59. Furthermore, Rule 15.7 of the Administered Rules provides, "The award shall be final and binding on the parties, and the parties will undertake to carry out the award without delay."

18. As of the date hereof, Okada has not paid Bartlit Beck the amounts described in the Final Award.

## THIS COURT SHOULD CONFIRM THE FINAL AWARD

19. Section 207 of the FAA mandates that a court "*shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York Convention]." 9 U.S.C. § 207 (emphasis added); *Nat'l Aluminum Co. v. Peak Chem. Corp., Inc.*, 132 F. Supp. 3d 990, 998 (N.D. Ill. 2015) ("Chapter 2 of the FAA . . . allows for confirmation simply on presentation of an arbitration agreement and arbitral award."); *see also Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, No. 16 C 8306, 2017 WL 372313, at *4 (N.D. Ill. Jan. 26, 2017) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) for the rule that "district courts during confirmation proceedings are not engaged in the 'judicial review of arbitration awards under the Federal Arbitration Act'").

20. None of the New York Convention grounds for denying recognition and enforcement of an award apply in this case, and so the Final Award should be confirmed. *See Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, No. 04 C 5852, 2009 WL 3126288, at *8 (N.D. Ill. Sept. 24, 2009) ("[A]bsent one of the statutorily-identified bases for

6

refusal or deferred recognition, the court has no discretion under the FAA to refuse to confirm an arbitral award.").[2]

21. For the foregoing reasons, Bartlit Beck is entitled to an order confirming the Final Award pursuant to 9 U.S.C. § 207.

## PRAYER FOR RELIEF

**WHEREFORE**, pursuant to 9 U.S.C. § 207, Bartlit Beck prays that the Court:

(1) Enter judgment confirming the Final Award annexed as Exhibit A to the Berkowitz Declaration.

(2) Award any and all other further relief that the Court deems just and proper.

---

[2] A party resisting confirmation "bears the heavy burden" of establishing that one of the enumerated grounds for denying confirmation in Article V of the New York Convention applies. *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 16-CV-02020 (RJL), 2018 WL 1143153, at *4 (D.D.C. Mar. 2, 2018) (quoting *Gold Reserve Inc*. v. *Bolivarian Republic of Venezuela* 146 F. Supp. 3d 112, 120 (D.D.C. 2015)) (citing *Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007); *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) ("[T]he showing required to avoid summary confirmation is high.")); *Imperial Ethiopian Gov't v. Baruch–Foster Corp.*, 535 F.2d 334, 335-36 (5th Cir. 1976)).

December 30, 2019                               Respectfully submitted,

                                                          /s/ Sean M. Berkowitz
One of the Attorneys for Petitioner
Bartlit Beck LLP

Sean M. Berkowitz (Illinois Bar No. 6209701)
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
Sean.Berkowitz@lw.com

Claudia Salomon (*pro hac* forthcoming)
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200
Claudia.Salomon@lw.com

Adam L. Hoeflich (Illinois Bar No. 6209163)
Bartlit Beck LLP
54 W. Hubbard Street
Chicago, IL 60654
(312) 494-4400
adam.hoeflich@bartlitbeck.com