IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bartlit Beck LLP, <br><br> Petitioner, <br><br> v. <br><br> Kazuo Okada, <br><br> Respondent. | Case No. 19-cv-8508 <br><br> Hon. John F. Kness |

### BARTLIT BECK'S SUPPLEMENTAL REPORT REGARDING DENTONS' MOTION TO WITHDRAW AS COUNSEL

Bartlit Beck objects to Dentons' motion to withdraw as Mr. Okada's counsel because Dentons' withdrawal would prejudice Bartlit Beck by severely hampering the discovery process and the final resolution of this matter. Such prejudice is a valid reason for the Court to deny Dentons' motion.

Courts recognize that prejudice to third parties, including adverse litigants, is a valid basis for denying a motion to withdraw as counsel. *See, e.g., Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) ("Severe prejudice to third parties—who might have more to lose than the unpaid lawyer—is another potential ground for denying a motion to withdraw."); *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 550 (8th Cir. 2016) ("The presumption favoring withdrawal in similar circumstances should be disregarded, however, if it would severely prejudice the client or third parties."); *Brandon v. Blech,* 560 F.3d

1

536, 538 (6th Cir. 2009) ("[A] district court may forbid withdrawal if it would work severe prejudice on the client or third parties."). Relatedly, "[i]n addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam) (cleaned up); *see also, e.g.*, *Lego A/S v. Best-Lock Constr. Toys, Inc.*, No. 3:11-CV-01586 (CSH), 2019 WL 6770096, at *2 (D. Conn. Dec. 12, 2019) ("Even if counsel asserts that good cause exists, district courts may also consider whether granting withdrawal would disrupt the prosecution of the suit and delay the proceedings." (cleaned up)).

Courts have denied motions to withdraw when they would cause the very type of prejudice that Bartlit Beck would suffer here—disruption of its ability to conduct discovery. For example, in *Ohntrup v. Firearms Ctr., Inc.*, the court affirmed the district court's denial of defendant's counsel's motion to withdraw because withdrawal would interfere with plaintiff's efforts to conduct postjudgment discovery. 802 F.2d 676, 679 (3d Cir. 1986) (per curiam). Like Bartlit Beck here, the plaintiff in *Ohntrup* was engaged in discovery in aid of execution. *See id.* at 677–78. Also like here, the defendant was located overseas, which would have made it difficult to communicate with the defendant in the event counsel were allowed to withdraw. *See id.* at 679. And like Mr. Okada, the defendant had "been an intractable litigant." *Id.* Given those circumstances, the district court denied the motion to withdraw, fearing that allowing withdrawal would "leave the court without the possibility of effective communication with [defendant], as well as

2

without a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation." *Id.*

*Ohntrup* is not alone. Other courts have similarly found that prejudice to a third party is sufficient to prevent counsel from withdrawing. Courts have denied motions to withdraw, often based on a third party's opposition to the motion, when withdrawal would derail discovery, cause difficulties communicating with a litigant, or result in unreasonable delay. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. 18-13257, 2021 WL 5864001, at *2 (E.D. Mich. Jan. 21, 2021) (denying defendant's counsel's motion to withdraw, as urged by plaintiff, because "if Benson withdrew without new counsel in place for defendants, this litigation would come to a halt and the Court would have no effective ability to communicate with Max Rehab"); *Meznarich v. Morgan Waldron Ins. Mgmt. LLC*, No. 1:10CV2532, 2012 WL 487963, at *4 (N.D. Ohio Feb. 14, 2012) ("Withdrawal by Counsel at this crucial stage would, minimally, severely hamper the ability of the Morgan Waldron Defendants to participate in the discovery process and, at worst, completely halt the ongoing litigation and leaving the Court without the ability to effectively communicate with Morgan Waldron LLC-a central player in this dispute."); *Worldspan, L.P. v. The Ultimate Living Group, LLC*, No. Civ.A. 03-1081-JJF, 2006 WL 1046942, at *1 (D. Del. Apr. 20, 2006) (denying motion to withdraw where client located overseas, had been an "intractable litigant," and communication difficulties would result); *Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) ("I am further

influenced by the litigation delay that would occur if the firm were permitted to withdraw. It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees."); *see also Lego A/S*, 2019 WL 6770096, at *2 (deferring ruling on motion to withdraw pending statement from client, because "Best-Lock's quest for a successor counsel, necessitated by Murtha Cullina's withdrawal, would further delay this 8-year litigation and prejudice Best-Lock and Plaintiffs alike, particularly in light of the impeding pre-trial deadlines.").

The factors that animated the courts' decisions in the cases cited above are all present here. Were the Court to allow Dentons to withdraw, neither the Court nor Bartlit Beck would have any reliable means of communicating with Mr. Okada, particularly given that Mr. Okada has not hired replacement counsel. As a result, discovery proceedings would be stalled, and Bartlit Beck would be left with yet more delay in its years-long effort to collect from Mr. Okada. Accordingly, the Court should deny Denton's motion.

January 18, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　 */s/ Joshua P. Ackerman*
　　　　　　　　　　　　　　　　　One of the Attorneys for Bartlit Beck LLP

　　　　　　　　　　　　　　　　　Sean M. Berkowitz (IL Bar No. 6209701)
　　　　　　　　　　　　　　　　　Latham & Watkins LLP
　　　　　　　　　　　　　　　　　330 North Wabash Avenue, Suite 2800
　　　　　　　　　　　　　　　　　Chicago, IL 60611
　　　　　　　　　　　　　　　　　(312) 876-7700
　　　　　　　　　　　　　　　　　Sean.Berkowitz@lw.com

　　　　　　　　　　　　　　　　　Adam L. Hoeflich (IL Bar No. 6209163)
　　　　　　　　　　　　　　　　　Joshua P. Ackerman (IL Bar No. 6317777)
　　　　　　　　　　　　　　　　　Bartlit Beck LLP
　　　　　　　　　　　　　　　　　54 W. Hubbard Street Chicago, IL 60654
　　　　　　　　　　　　　　　　　(312) 494-4400
　　　　　　　　　　　　　　　　　adam.hoeflich@bartlitbeck.com
　　　　　　　　　　　　　　　　　joshua.ackerman@bartlitbeck.com

　　　　　　　　　　　　　　　　　*Attorneys for Petitioner Bartlit Beck LLP*